OPINION of the Court, by
Judge Owsley.
— OBass, as the assignee of Herndon, brought' suit and recovered judgment at law for $ 200, the amount of a note given by Burks to Herndon. Burks, to be relieved from this judgment, exhibited his bill in equity, in which among other things he charges Herndon owed Clark by note g 210; that be by Kirtly purchased the note, and that neither Clark nor Kirtly knew how to write, and got Herndon to write the assignment; and the note havings been previously filed in the clerk’s office, Herndon by fraud so wrote the assignment as enabled him to obtain the note, and refuses to give it up. He also charges the assignment of the note by Herndon to Bass, upon which judgment was obtained against him at law, was *489 without consideration and' in trust for Herndon. He exhibits the assignment written by Herndon, and also a written transfer of the nóte from Kirtly to him ; he makes Herndon, Kirtly and Bass defendants, and prays and obtains an injunction against the judgment at law, and prays general relief, See.
The subpsena was served on all the defendants, but Bass never answered the bill. Kirtly by his answer admits the allegations of the bill ; and Herndon by his answer alleges he purchased his'note which was given to! Clark, from Kirtly, and denies fraud, &c.
On a final hearing Burks’ bill was dismissed, and his injunction dissolved and ten per cent, damages decreed in favor of Bass, &c. To reverse this decree, Burks-has prosecuted this writ of error.
It is satisfactorily proven that Bass held the note on Burks in trust for the use and benefit of Herndon, and as it is manifest Herndon obtained the possession of the note which he had given to Clark by an order from Kirtly, it is evident unless Herndon procured the note fairly without fraud, that Burks, who derives his right to the demand through Kirtly, should be relieved against Herndon and Bass. We are however of opinion that so far from the charge of fraud being established, the evidence rather tends to prove Herndon to be the b'onajide, holder of his note given to Clark. The answer of Herndon is not of that evasive and equivocal nature from which a conclusion favorable to the charge of fraud can be inferred. He expressly denies that he was guilty of any fraud in procuring the note, and although he does not state specially the consideration given by him. to Kirtly for the note, the circumstance of an order being given by Kirtly to the clerk of the court for him to deliver the note to Herndon, the obligor, strongly-implies that the note had been discharged by Herndon. This implication is not repelled by any, evidence in the cause, and although Kirtly by his answer admits the allegation in the bill, that admission, according to the settled rules of chancery practice, cannot be taken to the prejudice of Herndon. Was this contest between Kirtly and Herndon, there is nothing in the cause shewing any right in Kirtly to relief; and as Burks claims through Kirtly by a transfer subsequent to He rádones obtaining the note, it results he should not be rehejfed *490 therefor against the judgment at law in the name ót Bass.
The court below therefore properly dismissed the bill, but it is objected the court erred in hearing the cause and decreeing damages in favor of Bass, the cause as to him not being properly prepared. We can perceive no error in the decree in this respect. The subpoena had been served on Bass sufficiently long to justify a trial as to him. He is alleged and proven to be a nominal party only, in whose name the note of Burks had been assigned in trust. The cause having been heard under these circumstances as to all the parties, we think the court properly decreed a dissolution of the injunction and damages, &c. — —Decree affirmed.